NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2628
_____

LATIFULLAH OBEDULLAH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-330-060)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2012

Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: January 28, 2013)
_____

OPINION
_____

PER CURIAM

Latifullah Obedullah petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Obedullah, a native of Afghanistan, entered the United States in May 2008 as a

nonimmigrant visitor. In March 2009, he was charged as removable for overstaying his admission period and failing to comply with the conditions of his nonimmigrant status. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He asserted that he would be persecuted in Afghanistan based on his father's military history and opposition to the Taliban. After a hearing, an Immigration Judge (IJ) denied relief after finding Obedullah not credible. Obedullah filed an appeal and a motion to remand.

The BIA dismissed Obedullah's appeal. It found no clear error in the IJ's adverse credibility finding and concluded that Obedullah had not met his burden to establish eligibility for asylum or withholding of removal. A.R. at 5. As for the motion to remand, the BIA determined that Obedullah had not shown that the evidence he submitted was not previously available or would change the outcome of his case. Obedullah filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Obedullah needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in Afghanistan on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is

2

more likely than not that he would be tortured if removed to Afghanistan. 8 C.F.R. §

1208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would

compel a reasonable fact-finder to conclude that Obedullah had met his burden. I.N.S. v.

Elias-Zacarias, 502 U.S. 478, 481 (1992). We must uphold the adverse credibility

finding unless any reasonable adjudicator would be compelled to conclude to the

contrary. Fiadjoe v. Att'y Gen., 411 F. 3d 135, 153 (3d Cir. 2005).

Obedullah argues that the adverse credibility determination was not supported by

substantial evidence. First, he contends that the BIA wrongly concluded that he had

omitted from his original declaration a significant incident in which he secured his

father's release from the Taliban. However, the declaration he cites to in support of this

argument is from his *supplemental* declaration. His original declaration made no mention

of the incident. The BIA noted that:

> When asked to explain the omission, the respondent first stated that the
> person assisting him with his application would select the incidents for him.
> Later, he explained that he only remembered the incident when he
> completed his application, but that it was emotionally difficult to discuss.
> Later, he stated that there was only so much he could tell his attorney in 1-2
> hours.

A.R. at 4 (citations omitted). The BIA also noted that Obedullah's father did not mention

this incident in his affidavit. The affidavit of Obedullah's psychotherapist is not

corroborative because it is not based on personal knowledge; she was merely relating

what Obedullah told her. The BIA did not err in relying on this omission in upholding

the adverse credibility finding.

3

Next, Obedullah contends that the BIA failed to properly consider his explanation for an inconsistency between his testimony and his written statement regarding whether he had ever been arrested. The BIA observed:

> For instance, the respondent also stated in his 1-589 application that he had never been arrested. However, on direct, the respondent testified that he was arrested and detained when he was 8-years-old. The respondent first explained the inconsistency by stating that he was only asked for information from the last ten-years, then he stated that his attorney told him he did not have to include every event, later he stated that he did not include the arrest because he was not "doing so well [emotionally]" in detention.

A.R. at 4 (citations omitted). Obdeullah points to statements by his psychotherapist and Naser Moborez as corroboration. However, the psychotherapist merely states that Obedullah reported this incident to her. Moborez's statement was submitted to the BIA with Obedullah's motion to remand; it was not before the IJ. Furthermore, Moborez does not state that he has any personal knowledge as to the incident, only that the attempts made against Obedullah and his family are common knowledge. It was not improper for the BIA to rely on this inconsistency in upholding the adverse credibility finding.

Finally, Obedullah asserts that the BIA failed to meaningfully consider his post-traumatic stress disorder (PTSD) in evaluating his credibility. The BIA rejected Obedullah's argument that the IJ failed to consider his PTSD. A.R. at 4 n.2. The IJ thoroughly summarized the testimony of the clinical social worker who evaluated Obedullah. A.R. at 74-76. In discussing the credibility determination, the IJ explicitly noted Obedullah's testimony on cross-examination that some inconsistencies were

4

because events were "emotionally difficult" and he was "not doing well" in detention when he completed his application. A.R. at 82.

Obedullah argues that the BIA failed to consider the attempts his counsel made to have his witnesses testify telephonically from the embassy in Afghanistan. However, in his brief before the BIA, Obedullah admitted that the IJ stated that while it would be optimal if the witnesses testified from the embassy, Obedullah could let the IJ know if that was an impossibility. She indicated that she would still listen to the witnesses telephonically but would need to know why they could not go to the embassy. App. at 30-31. The BIA noted the IJ's observation that Obedullah was in contact with his father and could have reasonably arranged to have him testify telephonically.

Obedullah also challenges the BIA's determination that he failed to supply corroborating evidence. He also contends that the BIA did not discuss the corroborating evidence that he submitted. He asserts that he submitted documents from the President of Afghanistan, a Governor, and a member of the Ministry of the Interior.

The IJ noted that Obedullah had submitted several letters concerning his father's position in the military and his fighting against the Taliban. She determined that these documents were unreliable and noted that Obedullah had not presented his father for telephonic testimony. A.R. at 78-79. The IJ gave the documents minimal weight because they were unauthenticated, obtained solely for the purpose of the hearing, and the authors were not subject to cross-examination. Moreover, the IJ concluded that this evidence did not establish that the Taliban persecutes family members of military figures. As noted by

the IJ, Obedullah admitted that his siblings, wife, and other family have lived in Afghanistan unharmed. A.R at 87.

After upholding the adverse credibility finding, the BIA concluded that Obedullah could not carry his burden of proof without credible evidence. After agreeing with the IJ that Obedullah had not met his burden on his claims for relief, the BIA noted that it need not reach Obedullah's remaining arguments. We have previously explained that the BIA is not required to "write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (citation omitted). Obedullah has not shown that his evidence would compel a finding that he was credible or entitled to relief.

With respect to the motion to remand, Obedullah argues that the BIA refused to consider the entirety of the evidence submitted with the motion. He challenges the BIA's determination that evidence of his working for a company that provides assistance to the United States military would not change the outcome of his case. A motion to remand is the functional equivalent of a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005). We review the denial of a motion to reopen for an abuse of discretion. Filja, 447 F.3d at 251.

The BIA observed that Obedullah had not explained how the new evidence would change the IJ's credibility determination. A.R. at 6. In his motion to remand, Obedullah simply stated that if the Taliban knew of his work, it would be an additional basis for

6

persecution. However, he did not point to any evidence in the record supporting a claim that the Taliban targets those who have worked with the United States military. As for the affidavit of Naser Moborez, the BIA noted that Obedullah had not presented any argument as to why the affidavit was not previously available except to state that Obedullah was not in contact with Moborez. Obedullah contends that the BIA ignored other evidence submitted with the motion to remand; however, the BIA noted that Obedullah had submitted documents previously considered by the IJ. Obedullah himself admitted in the motion to remand that the documents had already been submitted. Obeduallah has not shown that the BIA abused its discretion in denying the motion to remand.

For the reasons above, we will deny the petition for review.